UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL DREHER,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 13-6792 |
| DGU INSURANCE ASSOCIATES, LLC, et al.<br>    Defendants | SECTION "E" |

## ORDER AND REASONS

The Court has pending before it Defendant Rodney R. Ayer's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1] The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

## BACKGROUND

In 2008, Plaintiff Paul Dreher accepted a job with Phoenix LLC as manager of its New Orleans office.[2] As a term of employment, Plaintiff negotiated for severance pay of one year's salary. Defendant Rodney Ayer was President and sole member of Phoenix LLC, and also the subject of a federal investigation for insurance fraud at the time. In 2010, Plaintiff was told Phoenix was "rebranding" and would henceforth do business under the name of DGU Insurance Associates, also a Defendant in this case. In fact, Phoenix sold all of its assets to DGU, which was a separate corporate entity. But from Plaintiff's perspective, nothing changed and he continued to manage the New Orleans

---

[1] R. Doc. 9.
[2] Except where otherwise noted, the Court draws these facts from Plaintiff's state-court petition and accepts them as true for the purpose of deciding this Rule 12 motion.

1

office under the apparent new name.  In 2012 Phoenix LLC dissolved without Plaintiff's knowledge.  In 2013, Plaintiff was terminated by DGU and was not paid any severance.  Only at this time, Plaintiff discovered he had no employment contract with DGU and Phoenix had dissolved.

Plaintiff filed suit in this Court against DGU and against Ayer "individually and in his capacity as member of and successor in liability to Phoenix,"[3] seeking his severance pay from either or both.  As relates to the Ayer's contacts with the forum, the petition alleges that Ayer (1) offered the job to Plaintiff and confirmed the offer in a letter, and (2) conducted email negotiations regarding the terms of employment.[4]

Ayer now moves to dismiss, contending that he is not subject to personal jurisdiction in the Eastern District of Louisiana for claims arising out of the operation of Phoenix, LLC.  Ayer supplements Plaintiff's limited factual allegations with an affidavit representing that all communication between him and Plaintiff were in his capacity as an officer of Phoenix, and emphasizing his lack of any other contacts with Louisiana.[5]

## LAW & ANALYSIS

"Where a defendant challenges personal jurisdiction, a party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."  *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  "The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices."  *Id.*  The court "must resolve all undisputed facts submitted by the plaintiff" in favor of jurisdiction.  *See id.*

In this diversity action, the Court "has personal jurisdiction over a nonresident

---

[3]  R. Doc. 1-2 at 1.
[4]  R. Doc. 1-2 at 2.
[5]  R. Doc. 9-4.

defendant to the same extent as a state court" in Louisiana. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242 (5th Cir. 2008). The Louisiana long-arm statute is "coextensive with constitutional due process limits." *Id.* Therefore, the Court has personal jurisdiction over a defendant if "the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Id.* The Court has specific jurisdiction "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.*

Ayer contends that the Court lacks personal jurisdiction over him because of the fiduciary shield doctrine, "which holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1998). As set forth in his affidavit, all his contacts with Louisiana were in his capacity as an officer of Phoenix and he lacks any other substantial contacts with Louisiana. Therefore, he contends, due process forbids asserting jurisdiction over him in Louisiana.[6]

Plaintiff responds that he needs jurisdictional discovery to challenge the facts asserted in Ayer's affidavit. Plaintiff also contends that he has stated a *prima facie* case of personal jurisdiction based on Ayer's ownership of Phoenix, which did business in Louisiana, and based on Ayer's potential successor liability for Plaintiff's claim against Phoenix.

---

[6] R. Doc. 9-1 at 5-7.

The Court has reviewed the briefs and concludes that Plaintiff has established a *prima facie* case of personal jurisdiction over Ayer as a successor to Phoenix's potential liability to Plaintiff. It is beyond dispute that the Court would have specific personal jurisdiction over Phoenix with respect to Plaintiff's claims if Phoenix still existed. It is equally well-settled that a court can "exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 653 (5th Cir. 2002). Thus, if Phoenix is potentially liable to Plaintiff and Ayer is a successor to that liability, the Court can exercise personal jurisdiction over Ayer.

Plaintiff contends he is owed severance pursuant to his employment contract, either from Phoenix or DGU (or both). The record suggests that Phoenix was a New Jersey-organized LLC and dissolved in 2010. New Jersey law, both before and after recent amendment, sets forth a framework in which LLCs can notify creditors of dissolution and avoid claims not asserted after that notice, but which exposes former members of a dissolved LLC to personal liability for claims against the LLC by creditors who did not receive proper notice. *See* N.J. Stat. Ann. §§ 42:2B-49.1, 49.2 (repealed 2012); N.J. Stat. Ann. §§ 42:2C-50, 51. Plaintiff asserts that Phoenix gave him no notice of its dissolution or opportunity to file a claim to assert his contractual rights. At this stage of the proceedings, when it is Plaintiff's burden only to show a *prima facie* case of personal jurisdiction over Ayer, this suffices to establish Ayer's potential liability as a successor to Phoenix's potential liability to Plaintiff.

In opposition to this successor-liability theory, Ayer contends that Plaintiff

4

actually knew about the Phoenix/DGU asset sale, and that any claim against Phoenix did not become viable until after it was dissolved.[7] These arguments are directed towards the merits of Plaintiff's claim. Thus, they are premature at this stage and can be renewed in a motion for summary judgment after discovery and development of the record.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED**.

New Orleans, Louisiana, this 24th day of June, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 2-4.

5